IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | | |
|---|---|---|---|
| **THOMAS F. PREGENT** | } Debtor(s) | | |
| **MID PENN BANK** | } Plaintiff(s) | | |
| vs. | | | |
| **THOMAS F. PREGENT, LINDA A. SULLIVAN PREGENT, also known as Linda A. Pregent, Linda Ann Pregent and Linda A. Sullivan, his wife, BANK OF AMERICA, National Association, formerly Trustee for Structured Asset Securities Corporation Trust 2005-WF1, successor by assignment to Wells Fargo Bank, U.S. BANK, National Association, as Trustee for Structured Asset Securities Corporation Trust 2005-WF1, UNITED STATES OF AMERICA, COMMONWEALTH OF PENNSYLVANIA, CENTRIC BANK** | } Defendant(s) | Chapter:<br><br>Case Number:<br><br>Adversary No: | 13<br><br>1-14-bk-02341 RNO<br><br>1-14-ap-00257 RNO |

# OPINION

The Plaintiff/Bank alleges that a mortgage it held was erroneously satisfied by a former holder of the mortgage. It requests that the satisfaction be set aside and the mortgage reinstated. The Plaintiff/Bank now seeks summary judgment. I conclude that there is an outstanding material issue of fact as to whether the Plaintiff was the holder of the mortgage at the time of the satisfaction. Therefore, the Motion for Summary Judgment is denied.

I.   **Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This

is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II. Facts and Procedural History

Thomas F. Pregent ("Debtor") filed a voluntary Chapter 13 petition on May 19, 2014. An original Chapter 13 Plan was filed on August 14, 2014; a First Amended Chapter 13 Plan was filed on January 24, 2015. At the time of this writing, there is no confirmed Chapter 13 plan in the underlying bankruptcy case.

This Adversary Proceeding was commenced by a Complaint filed by Mid Penn Bank ("Mid Penn"). The Complaint names six Defendants, but the only contest is between Mid Penn and the Defendant, Wells Fargo Bank, N.A., as servicer for U.S. Bank, National Association, as Trustee ("Wells Fargo"). The Complaint essentially alleges that on June 22, 2005, Mid Penn purchased a note and mortgage in the face amount of $130,000.00 which the Debtor and his non-filing spouse had previously executed and delivered to the original lender, now known as Centric Bank ("Centric"). It is alleged that, when filed, the $130,000.00 mortgage created a first lien on real property known as 285 Romberger Road, Washington Township, Dauphin County, Pennsylvania (the "Mid Penn Mortgage").

The gravamen of the Complaint is that on February 26, 2014, Centric mistakenly satisfied the Mid Penn Mortgage by filing a satisfaction piece with the Dauphin County Recorder of Deeds. Complaint to Determine Validity, Priority or Extent of Lien, ECF No. 1, p. 6-7 ¶ 26.

Mid Penn has obtained either stipulated relief or default judgments as to all Defendants other than Wells Fargo. On January 27, 2015, Mid Penn filed a Motion for Judgment on the Pleadings. Thereafter, Wells Fargo filed a Motion for Leave to Amend Answer, ECF No. 39. The Motion for Leave to Amend Answer was granted and the Motion for Judgment on the

2

Pleadings was deemed moot by virtue of the Amended Answer filed by Wells Fargo.

On August 13, 2015, Mid Penn filed its Motion for Summary Judgment, ECF No. 60. In response, Wells Fargo filed its Answer to the Motion for Summary Judgment, ECF No. 67. The parties have submitted their respective briefs, and statements of material fact, in support of and in opposition to the Motion for Summary Judgment and the matter is now ripe for decision.

**III.     Discussion**

   **A.     Standard to Decide a Motion for Summary Judgment Under F.R.B.P. 7056**

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings. Pursuant to Rule 56, the court shall grant summary judgment to the moving party, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, the movant has the burden to show the absence of genuine issues of material facts. *In re Madera*, 363 B.R. 718, 724 (Bankr. E.D.Pa. 2007); *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552, 91 L.Ed.2d. 265 (1986). At the summary judgment stage, the court must view the facts in the light most favorable to the non-moving party and draw all inferences in favor of that party. *In re Shull*, 493 B.R. 453, 455 (Bankr. M.D.Pa. 2013) (internal citations omitted). The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986) (internal citations omitted). Further, when considering a summary judgment motion, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 106 S.Ct. at 2511; *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015).

The Third Circuit has noted:

3

> [I]n considering a motion for summary judgment, a district court
> may not make credibility determinations or engage in any
> weighing of the evidence; instead, the non-moving party's
> evidence is to be believed, and all justifiable inferences are to be
> drawn in his favor.

*Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (internal citations omitted); *In re Rose*, 397 B.R. 740, 742 (Bankr. M.D.Pa. 2008).

### B. Consideration of State Law

As noted above, Wells Fargo principally opposes summary judgment by denying that Mid Penn was the holder of the Mid Penn Mortgage when it was satisfied of record.

Property interests are created and defined by state law. Absent a significant federal interest which requires a different result, there is no reason why such interests should be analyzed differently because one of the parties is involved in a bankruptcy proceeding. Thus, state law may be applied to determine ownership interests in bankruptcy matters. *In re Stroup*, 521 B.R. 84, 87 (Bankr. M.D.Pa. 2014). Further:

> The justifications for application of state law are not limited to
> ownership interests; they apply with equal force to security
> interests . . .

*Butner v. U.S.*, 99 S.Ct. 914, 918 (1979).

My colleague, Judge Thomas, has found that Pennsylvania law should be reviewed to determine property interests concerning a parcel of real estate located in Pennsylvania. *In re Smith*, 449 B.R. 221, 222 (Bankr. M.D.Pa. 2011).

I will therefore consider, under Pennsylvania law, whether Mid Penn has established it was the holder of the Mid Penn Mortgage when it was satisfied.

C.  **Requirements to be the Holder of a Mortgage**

The pleadings establish that the Mid Penn Mortgage was recorded on October 1, 2004. Thereafter, on or about October 15, 2004, the Debtor obtained another loan and executed and delivered to Wells Fargo a note in the face amount of $490,000.00 (the "Wells Fargo Mortgage"). The Wells Fargo Mortgage encumbers the same property as the Mid Penn Mortgage. Complaint to Determine Validity, Priority or Extent of Lien, ECF No. 1, p. 5, ¶¶16-17; Amended Answer and Affirmative Defenses to Complaint to Determine Validity, Priority or Extent of Lien, ECF No. 54, p. 4, ¶¶16-17. Essentially, Mid Penn alleges that Centric erroneously satisfied the Mid Penn Mortgage and it requests that the satisfaction be set aside and the Mid Penn Mortgage be reinstated.

In support of the Motion for Summary Judgment, Mid Penn filed its Statement of Material Facts to which it contends there is no genuine issue to be tried. In part, the Statement maintains that Mid Penn purchased the Mid Penn Mortgage, and the note which it secured, in June 2005. Plaintiff's Statement of Material Facts, ECF No. 61, p. 5, ¶16. Wells Fargo's response to Mid Penn's Statement of Material Facts includes:

> 16.  Denied. It is specifically denied that Mid Penn purchased the Vartan [Mid Penn] Note and Vartan [Mid Penn] Mortgage from Vartan [Centric] in June 2005 and strict proof thereof is demanded at trial. It is further denied that Vartan [Centric] delivered the original Vartan [Mid Penn] Note and Vartan [Mid Penn] Mortgage to Mid Penn in exchange for payment and strict proof thereof is demanded at trial. . . .

Defendant, Wells Fargo Bank, N.A.'s, Response to Mid Penn's Statement of Material Facts, ECF No. 68, p. 2, ¶16.

Pennsylvania has traditionally been referred to as a title theory state for mortgage

5

purposes. The Pennsylvania Supreme Court has indicated:

> Thus, for purposes of determining whether mortgage assignments, mortgage satisfactions and mortgage releases are property transfers, we begin with the premise that a mortgage conveys the property subject to the mortgage to the mortgagee until the obligations under the mortgage are fulfilled.

*Pines v. Farrell*, 848 A.2d 94, 100 (Pa. 2004).

Surely, the most obvious way for a lender like Mid Penn to show that it is the holder of a mortgage securing a loan, which it did not originate, would be to provide a certified copy of a recorded assignment of the mortgage from the originating lender, or prior holder. *Appeal of Pepper*, 77 Pa. 373, 377 (1875). Mid Penn has not provided such proof.

However, Pennsylvania law recognizes that one may be the holder of a note and mortgage without a written recorded assignment. Under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. A note endorsed in blank is a "bearer note" payable to the holder, regardless of who previously held the note. In a mortgage foreclosure action, the Pennsylvania Superior Court has held that where the plaintiff bank held the original note, it held the mortgage as well. *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 466 (Pa.Super. 2014); *also see JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa.Super. 2013) (summary judgment for plaintiff in mortgage foreclosure action reversed because of genuine issue of material fact as to whether the plaintiff had possession of the original note).

Other federal court decisions also suggest that recordation of an assignment of mortgage is not the only way to prove one is the holder of a mortgage. The Third Circuit Court of Appeals has held that there is no obligation under Pennsylvania law to record all land conveyances.

6

*Montgomery County, PA v. MERSCORP Inc.*, 795 F.3d 372, 378 (3d Cir. 2015); *also see U.S. Bank, Nat. Ass'n v. Zimmer*, 2015 WL 412389, *2 (M.D.Pa., Jan. 30, 2015) (under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. When endorsed in blank, the note becomes payable to the bearer and may be negotiated by transfer of possession alone).

### IV. Conclusion

I must view the facts in the light most favorable to the non-moving party, Wells Fargo. Wells Fargo has denied that Mid Penn was the holder of the Mid Penn Mortgage, and the note which it secured, when the mortgage was satisfied.

Clearly, to have standing to complain, Mid Penn would need to have been the actual holder at the time of satisfaction. Mid Penn has not produced a recorded assignment of the mortgage. Neither has it offered testimony, subject to the rigors of cross examination, showing that it is the holder of the original signed note which is secured by the Mid Penn Mortgage. At trial, it may offer the original note for inspection by Wells Fargo and the Court.

I conclude that there is an outstanding disputed material issue of fact which precludes the entry of summary judgment. An order consistent with this Opinion will follow.

By the Court,

*[signature]*

Date: November 2, 2015

Robert N. Opel, II, Bankruptcy Judge

(BI)